### The People, *ex rel.* WYCKOFF *et al. v.* BOYD.

The stating a fact affirmatively in a deposition is not to be put down by a negative deposition. Thus, where a party swears to the service of a paper, it is not enough to deny service.

Although a solicitor appears for different defendants at different times, yet the solicitor for the complainant should, in every case, serve a copy of the bill whenever he serves notice of an order to answer ; and should not go upon the idea of the opposite solicitor's requiring only one copy.

A right which a solicitor has, for his client, under any rule or practice, can be waived by parol. A solicitor, therefore, who waived his right to a copy of an answer by parol, is bound thereby and cannot afterwards raise the objection of a want of service of a copy.

Feb. 29.
1836.

Practice.
Deposition.
Copy of bill.
Parol wai-
ver.

The bill was filed against John Boyd and John Sniffen.

Mr. Mulock appeared for the defendant John Sniffen alone ; and a copy of the bill was served upon him requiring the defendant Sniffen to answer. Soon after, Mr. Mulock appeared for the defendant John Boyd. The solicitor

1836.

WYCKOFF
v.
BOYD.

for the complainants then sent a notice to Mr. Mulock—and which was sworn to have been served upon a clerk of Mr. Mulock's—notifying him that an order had been entered, requiring the defendant, John Boyd, to answer the bill in forty days after service of a copy of the said bill and notice of the said order or that an attachment issue ; and the notice had the following added to it : " Having served you with a copy of the bill heretofore, when you appeared for the defendant, Sniffen, I suppose another copy is not now necessary—if required, please send me written notice. July 2nd 1835.    Yours, &c. S. F. Clarkson. Solr. for Complts.    To Wm. Mulock, Esq. Solr. for Deft. Boyd (& Sniffen.")

In August last, attachments were issued against both the defendants for not answering and the writ against the defendant Boyd, for not answering, was sent to the sheriff of Queens County ; but this attachment was lost or had miscarried.    About the fourth day of December, one thousand eight hundred and thirty-five, Mr. Mulock assured the solicitor for the complainant that he would put in a copy of Boyd's answer in ten days thereafter ; and the following written stipulation was signed : " We consent the answers of the defendants herein be put in in ten days and that the proceedings on attachment be discontinued on payment of disbursements.    Dated 4th Decr. 1835.    Wm. Mulock, Sol. for Defts. S. F. Clarkson, Solr. for Complts."

It also appeared that Mr. Mulock told Mr. Clarkson he did not wish for another copy of the bill to be served upon him in behalf of the said Boyd, for that the copy he had received on behalf of the defendant, Sniffen, was sufficient.

No answer being ultimately put in for the defendant, John Boyd, an attachment was issued ; the defendant was taken and brought into court ; interrogatories were filed ; and, in answering, the interrogatories the defendant Boyd denied knowledge of a notice to answer, and believed that no such notice had been ever served.    He also, in the same answering, showed that his answer was drawn out and sworn to and in his solicitor's hands as far back as the eighth day of October, one thousand eight hundred and thirty-five : but that the making out of such answer was gratuitous and done without relation

1836.

WYCKOFF
v.
BOYD.

to any notice requiring it. In order to confirm the denial of a notice to answer being served, the clerk in the office of the solicitor for the defendant, Boyd, swore that he had received, at different times, papers and notices from the clerk of Mr. Clarkson; that all papers he received, he was fully confident he handed over to Mr. Mulock the solicitor; that he was the sole clerk in the said office, and had been such clerk since the fourth day of June then last. And Mr. Mulock also deposed that no such notice, as was pretended to be served by the clerk of Mr. Clarkson, had been received by the deponent from his clerk; nor had the deponent the least recollection of such notice being received in his office; that no entry of such was in the deponent's register; that it was the constant practice in his office, when papers were received in his office, to have them entered in the register, and on deponent's return they were handed to him personally by his clerk. Nor had the deponent any recollection, since his said clerk had been with him, of any manner of mistake in the receiving and communicating papers; that the deponent signed an agreement to answer under the full belief that no order to answer had been entered or noticed; and that he had carefully searched in the office of the deponent for the notice of order to answer herein and could find no such notice in his office.

Mr. *Clarkson*, for the complainant.

Mr. *Mulock*, for the defendant.

THE VICE-CHANCELLOR :—The first question is, whether the notice for the defendant Boyd to answer was ever served. The complainant's solicitor not only produces the deposition of his clerk to show that service was effected, but he gives a copy of the very notice which was served; while the defendant as far as he can, denies such service; and the affidavit of his solicitor and that of his clerk would go to confirm the denial. But it is to be observed here that, the stating a matter affirmatively is not to be put down by a negative deposition in this way : although it may very well be that there is no intention of false swearing.

Then, as to serving the notice without a copy of the bill.

1836.

WYCKOFF
v.
BOYD.

I have no hesitation in saying that, where a solicitor appears at different periods for different defendants, a copy of the bill should, in each case, be served. This practice ought to be adopted, for the defendants may have different defences to make, and they may live far apart and their solicitor may wish to furnish each with a copy at the same time, in order to receive their respective instructions for drawing the answers. In this case, it ought to have been done—it would have confirmed the service which is now in dispute. The complainants solicitor should not have enquired whether the defendant's solicitor required another copy of the bill : for the latter could have notified the former if he did not want it.

Still, I hold that a solicitor may waive a right in a matter of practice by parol. It is so in the Supreme Court, and I consider it as waived in the present case. On the fourth of December last, the solicitor for the defendant (and after an attachment had been issued for not answering) signed a stipulation that the answer should be put in within ten days. Under the circumstances, it appears to me he has waived all objection to the regularity of the proceedings to compel an answer. It is very remarkable, that these delays should have taken place, when the answer was ready and sworn to and in the hands of this defendant's solicitor to be filed as far back as the eighth day of October last.

The only question is as to costs. All this proceeding might have been avoided by a filing of the answer. The defendant, John Boyd, must pay the costs.